# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| LISA-MARIE BROWN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:23-cv-00105-TAV-JEM |
| UNION COUNTY PUBLIC SCHOOLS BOARD OF EDUCATION, | ) ) ) | JURY DEMANDED |
| Defendant. | ) ) ) ) ) | |

**JOINT RULE 26(f) DISCOVERY PLANNING CONFERENCE REPORT AND DISCOVERY PLAN**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Adam Strachn, counsel for Plaintiff Lisa-Marie Brown, and Jonathan Taylor, counsel for Defendant Union County Public Schools Board of Education, held a discovery planning conference on July 12, 2023, and by exchanging emails regarding this report. Pursuant to these discussions, counsel for the Plaintiff and counsel for the Defendant jointly file the following report.

1. At the time of the Fed. R. Civ. P. 26(f) conference, counsel for the parties considered the nature and basis of Plaintiffs' claims and Defendant's defenses and the possibilities for promptly settling or resolving the case; made or arranged for the disclosures required by Rule 26(a)(l); discussed any issues about preserving discoverable information; and developed a proposed discovery plan.

2. With respect to the timing of initial disclosures under Rule 26(a)(l), the

parties are in agreement that initial disclosures will be made on or before July 31, 2023.

3. The parties will deliver initial requests for production of documents to opposing counsel for the parties no later than forty-five (45) days from the filing of this report, in accordance with Rules 26(d)(2)(A) and 34. Responses will be due no later than sixty (60) days from service of said requests. The parties will serve initial interrogatories to opposing counsel no later than forty-five (45) days from the filing of this report. Answers to the same are due no later than sixty (60) days from the service said interrogatories.

4. After each party has been given a reasonable opportunity to exchange a first set of interrogatories and request for production of documents, and the opposing party has been permitted the time provided above to respond, the parties agree to work diligently to schedule discovery depositions on mutually agreeable dates. At present, the parties anticipate taking depositions of individuals identified in the parties' initial disclosures and discovery responses, to be served consistent with the agreement contained herein. The parties reserve the right to take depositions of different witnesses than those listed above as discovery progresses.

5. Counsel for all parties have agreed they will not make any "speaking" objections during the course of depositions. Respective counsel will simply note any objection and reason therefore succinctly on the record, while refraining from making any statements that could reasonably be calculated to suggest an answer to the testifying witness.

6. Counsel for all parties will need to conduct discovery on the issues raised in the Complaint [Doc. 1-1, PageID #4-10] and the defenses contained in the Defendant's Answer

2

[Doc. 9, PageID #45-55].

7. As to the disclosure, discovery, or preservation of electronically stored information, counsel for the parties agree to undertake reasonable measures to preserve the same. The parties further agree they will mutually and diligently work together regarding any future issues regarding electronic discovery if or when such issues may arise.

8. With regard to claims of privilege or protection of trial-preparation materials, the parties do not anticipate any issues at this time.

9. There is no need for an expedited discovery schedule at this time.

10. The parties agree they do not need to conduct discovery in phases, nor does this court need to make any other limitations on discovery outside of those limitations set forth in the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Eastern District of Tennessee.

11. The parties will proceed with discovery in accordance with FED. R. CIV. P. 26 and the Scheduling Order [Doc. 14] that was entered by the Court on July 11, 2023.

12. Counsel for all parties will speak with their respective clients regarding the possibility of settlement and the possibility of mediation after exchanging written discovery.

13. The parties do not consent to the exercise of jurisdiction by a magistrate judge at this time.

14. Counsel for the parties hereby certify in good faith, to the best of their knowledge and estimation at the present time, that this cause should be ready for trial by September 10, 2024, in accordance with the Scheduling Order [Doc. 14] entered by the Court on July 11, 2023.

RESPECTFULLY SUBMITTED this 9th day of August, 2023.

                                                LISA-MARIE BROWN

By:    /s/*Adam Strachn (by permission)*
        Adam Strachn, (TN BPR #033915)
        Law Office of Adam Strachn, PLLC
        11124 Kingston Pike, Suite 119-317
        Knoxville, TN 37934
        Telephone: (865) 419-0747
        adam@strachnlaw.com

                                                UNION COUNTY PUBLIC SCHOOLS BOARD OF EDUCATION

By:    */s/Jonathan Swann Taylor*
        Jonathan Swann Taylor (TN BPR #025094)
        Taylor & Knight, GP
        800 S. Gay Street, Suite 600
        Knoxville, TN 37929
        Telephone: (865) 971-1701
        Facsimile: (865) 971-1705
        jstaylor@taylorknightlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 9, 2023, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served via regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

                                                */s/ Jonathan Swann Taylor*
                                                Jonathan Swann Taylor